**People of the State of Illinois, Plaintiff-Appellee, v. Walter Bibbs, Defendant-Appellant.**

**Gen. No. 52,766.**

First District, First Division.

September 29, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Michael D. Stevenson, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

Defendant Walter Bibbs was found guilty in a jury trial upon a charge of robbery and was sentenced to a term of

not less than fifteen, nor more than twenty years. The facts supporting the conviction can be summarized as follows:

On the evening of March 4, 1967, Leroy Nix was working in a drugstore located in Chicago when a man (subsequently identified as the defendant) entered the store and asked for a doctor's office. Fifteen to twenty minutes after this man left, he reappeared accompanied by another man and demanded money from Mr. Nix. Mr. Nix gave the defendant between forty-five and fifty dollars and the man fled the premises. Another witness noticed the men enter the drugstore and subsequently observed them running from the establishment. A squad car was hailed and the defendant, along with Ronald McEwen, was apprehended by the officers. A search of the defendant revealed that he possessed $47.35 in currency and change, the bills being of the denominations taken from the drugstore. Mr. Nix identified the defendant immediately after his apprehension and at the trial, as did the bystander who summoned the police. The police officers corroborated the identification as well as the arrest and search of the defendant.

In seeking a reversal of his conviction, the defendant contends that the trial judge committed error by excluding certain testimony and the inclusion of the defendant's prior record for impeachment purposes. Alternatively, the defendant seeks a reduction of the minimum sentence imposed by the trial court.

██ ██ The first issue raised by the defendant concerns the testimony of Ronald McEwen, a coindictee of the defendant, who had pleaded guilty to a robbery charge prior to defendant's trial. In testifying for the defendant, this witness disclaimed any knowledge of the crime and denied any association with the defendant. The prosecution successfully impeached McEwen with regard to his previous plea of guilty to the same crime. When

defense counsel, on redirect examination, attempted to elicit the witness' reason for pleading guilty the trial court sustained a general objection to that inquiry. Appellant contends that the denial of the opportunity to rehabilitate the witness after impeachment by prior inconsistent statements was error. We fully agree with appellant's contention. The rule has long been established that where a witness has been impeached by prior inconsistent statements, the opportunity must be given to rehabilitate that witness by asking "why" the witness made such inconsistent statements. People v. Hicks, 28 Ill2d 457, 192 NE2d 891 (1963); Schusler v. Fletcher, 74 Ill App2d 249, 219 NE2d 588 (1966). Nor was it necessary for defense counsel to make an offer of proof, as the State has argued, since an offer of proof is not required where the question propounded shows the purpose and materiality of the evidence sought. People v. Moretti, 6 Ill2d 494, 129 NE2d 709 (1965), cert den 356 US 947.

■■ However, this court considers such to be harmless error, not warranting a reversal of the conviction. We find McEwen's testimony could have no reasonable effect upon the jury's finding the defendant guilty. Where errors complained of could not reasonably affect the outcome of the trial, the judgment will not be disturbed upon appeal. People v. Armstrong, 22 Ill2d 420, 176 NE2d 755 (1961); People v. Doyle, 76 Ill App2d 302, 222 NE2d 205 (1966); Chapman v. California, 386 US 18 (1967).

Next, the appellant attempts to challenge the introduction of defendant's prior record for impeachment in rebuttal of defendant's testimony. The argument is that such a procedure, although permitted under two Illinois statutes (c 51, § 1 and c 38, § 155-1, Ill Rev Stats 1967), served as a denial of due process by imposing a penalty upon a defendant who exercises his right to testify in his own defense.

■ The State has argued that this issue was waived at the trial. We agree with this contention. This court dealt with such a problem in People v. Valentine, 60 Ill App2d 339, 208 NE2d 595 (1965), where it was stated that a court will not consider constitutional issues unless a fairly debatable question was raised at the trial and was preserved in the record. People v. Webb, 80 Ill App2d 445, 225 NE2d 679 (1967). The record in this case is completely devoid of any objection to this procedure and, on the contrary, defense counsel condoned this procedure by pointing out at the trial that such evidence was to be used solely for impeachment, so that the jury should not accept the defendant's prior record with regard to the guilt or innocence of the accused.

■ Although the finding of waiver disposes of this issue, even if the question were before this court, the case of People v. Cuttley, 82 Ill App2d 321, 226 NE2d 479 (1967) would dispose of this issue regarding the alleged denial of due process by the introduction of a prior conviction record for impeachment purposes.

■ ■ Finally, defendant seeks a reduction of the minimum sentence imposed by the trial court claiming it to be excessive. A reviewing court will not disturb a sentence where the punishment is within the statutory limits unless the sentence clearly constitutes a great departure from the spirit and purpose of the law or the penalty is manifestly violative of the requirement that punishment shall be proportioned to the nature of the offense. People v. Hicks, 35 Ill2d 390, 220 NE2d 461 (1966), cert den 386 US 986; People v. Smith, 14 Ill2d 95, 150 NE2d 815 (1958). The trial court's finding that defendant was incorrigible in view of his prior record of felony convictions justifies the sentence imposed and this court will not disturb that discretion. People v. Hobbs, 56 Ill App2d 93, 205 NE2d 503 (1965).

Therefore, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.