UNITED STATES of America ex rel. Walter BIBBS, Petitioner-Appellant,

v.

John J. TWOMEY, Warden, etc., Respondent-Appellee.

No. 73–1683.

United States Court of Appeals, Seventh Circuit.

Submitted March 29, 1974.

Decided Dec. 9, 1974.

---

Francis X. Beytagh, Professor, Notre Dame, Ind., for petitioner-appellant.

William J. Scott, Atty. Gen., James B. Zagel, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before SWYGERT, Chief Judge, and FAIRCHILD and SPRECHER, Circuit Judges.

PER CURIAM.

This matter comes before the court on the filing of a brief by appointed counsel pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), an appellee's brief, and simultaneous memorandums of law in response to this court's order of March 4, 1974. The court has considered this appeal on the record and said briefs, and memorandums alone, without oral argument, under the provisions of Rule 2, Federal Rules of Appellate Procedure.

Petitioner, Walter Bibbs, is a prisoner in the Illinois State Penitentiary— Stateville. In 1967 he was convicted of robbery by a jury in an Illinois state court and was sentenced to 15–20 years in prison. The Illinois Court of Appeals affirmed his conviction in People v. Bibbs, 115 Ill.App.2d 200, 253 N.E.2d 179 (1969). On April 20, 1973 he filed a petition for writ of habeas corpus in the district court alleging unlawful custody for reason that: (1) he was denied due process of law in the trial court's allowing him to be impeached by his previous convictions; (2) the prosecutor's reading into the record of court documents containing four previous convictions deprived him his right to a fair and impartial trial; (3) the harmless error ruling by the Illinois Appellate Court as to the trial court's refusal to allow rehabilitation of an impeached defense witness was not in conformity

with recent Supreme Court decisions; and (4) that the sentence imposed was illegal and constituted cruel and unusual punishment in violation of the Eighth Amendment. The district court denied his petition. We reverse and remand.

 Petitioner's appointed counsel has raised two issues on appeal. He first contends that the Illinois trial court abused its discretion in permitting the defendant to be impeached by prior convictions. We disagree. The law is well settled that the government in a criminal prosecution may properly introduce evidence of previous convictions for purposes of impeachment. United States v. Morefield, 411 F.2d 1186 (7th Cir. 1969), cert. denied, 396 U.S. 916, 90 S.Ct. 238, 24 L.Ed.2d 194; People v. Cuttley, 82 Ill.App.2d 321, 226 N.E.2d 479 (1967); See Chapter 51, Section 1 and Chapter 38, Section 155–1, Ill. Rev.Stat.1967. Thus, we find no merit in this first contention.

Secondly, petitioner contends that he was denied a fair trial by the fact and manner of the introduction into evidence of four prior convictions for robbery through the reading of court documents amounting to ten pages of testimony.[1] The state counters this argument by contending that the abuse of discretion in evidentiary matters by a state judge in a state trial does not present a federal claim; and that petitioner has waived his right to complain of the alleged error because he failed to object to the admission of the evidence at trial.

 Generally, evidence of prior criminal acts of a defendant which are not charged in the indictment is inadmissible. United States ex rel. Harris v. State of Illinois, 457 F.2d 191, 198 (7th Cir. 1972). However, such evidence is clearly admissible if it is relevant unless its probative value is outweighed by its prejudicial effect. United States ex rel. Durso v. Pate, 426 F.2d 1083 (7th Cir. 1970). Generally, however, the admissibility of evidence is a matter of state law and unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right, no constitutional issue is involved. Grundler v. State of North Carolina, 283 F.2d 798, 802 (4th Cir.

---

1. One of the documents is reproduced below. Three almost identical documents were read —word for word—into the record:

I, JOSEPH J. McDONOUGH, Clerk of the Circuit Court of Cook County, Illinois, in said County and State and Keeper of the Records and Seal thereof, do hereby certify that the records of the Circuit Court of Cook County, Illinois, County Department—Criminal Division, show that a Grand Jury was impanelled in and for the Criminal Court of Cook County, State of Illinois, for the February Term, A.D. 1958, that the said Grand Jury returned into open court an indictment. Number 58–542 charging WALTER BIBBS with the crime of ROBBERY, ETC. that on February 18th, A.D. 1958, the defendant, WALTER BIBBS was duly arraigned before the Honorable Harold P. O'Connell, Judge of the Circuit Court and Chief Justice of the Criminal Court of Cook County, Illinois, and for his PLEA thereto the said WALTER BIBBS pleaded to said indictment that he was NOT GUILTY in manner and form as charged.

That on March 27th, A.D. 1958, the defendant WALTER BIBBS, before the Honorable Thomas C. Donovan, Judge of the Circuit Court and Ex-Officio Judge of the Criminal Court of Cook County, Illinois, WITHDRAW his PLEA of NOT GUILTY heretofore entered herein and entered a PLEA OF GUILTY in manner and form as charged in the indictment.

That the Court having before the entry of said PLEA OF GUILTY fully explained to the defendant the consequences of entering such PLEA OF GUILTY, and the said Defendant WALTER BIBBS still persisted in his PLEA OF GUILTY in manner and form as charged in the indictment and the said PLEA OF GUILTY was thereupon ordered to be received and entered of record in this court.

On March 27th, A.D. 1958, JUDGMENT OF THE COURT was entered adjudging the said Defendant, WALTER BIBBS GUILTY of the said crime of Armed Robbery, to-wit: a Knife in manner and form as charged in the indictment.

On March 27th, A.D. 1958, upon the said PLEA and JUDGMENT entered of record the Honorable Thomas C. Donovan sentenced the said Defendant WALTER BIBBS to imprisonment in the Illinois State Penitentiary at Joliet, Illinois.

1960). The test for determining whether a defendant's constitutional right to a fundamentally fair trial has been violated by the admission of evidence of other crimes is the same as would be applied by a reviewing court on direct appeal in determining whether the admission of such evidence was within the permissible exercise of discretion of the trial court. *Harris, supra,* 457 F.2d at 198. "When it must be said that the probative value of such evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission, then the use of such evidence by a state may rise to the posture of fundamental fairness and due process of law." *Durso, supra,* 426 F.2d at 1086. The general rule, however, remains intact that evidentiary questions are not subject to review by a federal court in a habeas corpus proceeding by a state prisoner unless there is an error of such magnitude as to deny fundamental fairness. *Harris, supra,* 457 F.2d at 198. In this area, federal courts must proceed with caution, Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). To hold otherwise would put the federal courts in the role of reviewing courts over the courts of states even when no constitutional errors have been made. *Harris, supra,* 457 F.2d at 198. We thus conclude that if there was prejudice to the petitioner by the method and manner of the introduction of the four previous convictions of such a magnitude as to amount to a denial of fundamental fairness and due process of law, then there has been constitutional harm for which petitioner can rightfully seek relief here under 28 U.S.C. § 2254.

In United States v. Dow, 457 F.2d 246 (7th Cir. 1972), we held that where, in cross-examination of a defendant, there was excessive concentration on prior criminal acts of a defendant, to destroy his character and not merely to impeach him as a witness, error was so prejudicial as to amount to plain error "affecting substantial rights," requiring reversal. There we said:

> [A]lthough a defendant who takes the stand may be crossexamined as to his prior convictions to affect his credibility as a witness, the examination should not be conducted in such a fashion as to prejudice the defendant before the jury. . . . The examination must be limited to whether the defendant had previously been convicted of a felony, to what that felony was and to when the conviction was obtained. (457 F.2d at 250, citations omitted).

In the instant case, while the impeaching evidence was limited to the fact of previous convictions, and the nature and time of the offenses, we think that the reading of the four court documents into the record [2] amounted to undue repetition, excessive concentration, and over-dramatization of the petitioner's previous convictions. We recognize that the Illinois courts have approved the practice of introducing evidence of prior convictions by reading therefrom by the keeper of such records. People v. Smith, 63 Ill.App.2d 369, 211 N.E.2d 456 (1965); People v. Smith, 90 Ill.App.2d 310, 234 N.E.2d 31 (1967). We are not thereby compelled to hold that the practice is unprejudicial. Depending on the number of previous convictions, the practice could be highly prejudicial.[3]

Here, the prejudice caused to petitioner, while substantial, does not in itself, without considering the total circumstances of the case in context, amount to a deprivation of fundamental fairness and due process under the *Durso* test. We think, however, that the probative and impeachment value vis-

2. *See* note 1, *supra.*

3. We do not, by our decision today, hold that the Illinois practice is unconstitutional per se. We do think that it is potentially prejudicial; however, the quality of the prejudice must be considered in the totality of all the circumstances of the case and in the context of all the evidence. Moreover, a situation of this kind must be weighed on a case by case basis.

à-vis prejudicial effect of the method and manner of introducing the evidence of previous convictions in this case is in delicate balance.

Unfortunately, there are defects in the appellate record that prevent us from being able to come to a final conclusion on the question of whether Bibbs was denied due process of law. There is a possibility that this issue might have been waived since there was no objection at trial. Also, at this point the question of the fundamental fairness of the petitioner's trial is dependent upon the cumulative effect of the error we have suggested and other error identified by the state courts, but found to be harmless. However, we do not have before us the transcript of the state trial and thus cannot reach a conclusion on these questions.

Accordingly, under Circuit Rule 23 this matter is remanded to the district court with directions that counsel be appointed for petitioner, the state trial transcript and record be made a part of this proceeding and a hearing, in accordance with this opinion, be held as soon as possible on the final disposition of this petition.