**UNITED STATES of America ex rel. Walter BIBBS, Petitioner-Appellant,**

v.

**John J. TWOMEY, Respondent-Appellee.**

No. 75–2029.

United States Court of Appeals, Seventh Circuit.

Argued April 26, 1976.

Decided July 12, 1976.

Rehearing and Rehearing En Banc Denied Aug. 10, 1976.

Kenneth Flaxman, Chicago, Ill., for petitioner-appellant.

William J. Scott, Atty. Gen., Donald Hubert, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before CUMMINGS, PELL and SPRECHER, Circuit Judges.

PER CURIAM.

This is an appeal from the second denial of a petition for a writ of habeas corpus. In June 1967, a state court jury found petitioner guilty of robbing a Chicago pharmacy, and he received a sentence of not less than fifteen nor more than twenty years in the Illinois State Penitentiary. His conviction was affirmed. *People v. Bibbs,* 115 Ill.App.2d 200, 253 N.E.2d 179 (1st Dist. 1969). The Appellate Court of Illinois held that Bibbs should have been permitted to rehabilitate his witness Ronald McEwen after impeachment by prior inconsistent statements,[1] but that this was harmless error since "McEwen's testimony could have no reasonable effect upon the jury's finding the defendant guilty." 115 Ill.App.2d at 203, 253 N.E. at 181. That court also rejected Bibbs' argument that it was a denial of due process for the state to introduce four of his prior convictions for impeach-

ment purposes, on the ground that this issue was waived at the trial.[2] 115 Ill.App.2d at 204, 253 N.E.2d 179.

Substantially the same two points were raised in Bibbs' April 1973 petition for a writ of habeas corpus. In June 1973 the district court refused to grant the writ for the reasons that the Appellate Court of Illinois had given in affirming Bibbs' conviction. On appeal, we held that the record before us did not include the transcript of the state trial, so that we could not reach a proper conclusion on the grounds then being asserted. *United States ex rel. Bibbs v. Twomey,* 506 F.2d 1220, 1224 (7th Cir. 1974).

On remand, the state trial transcript was made a part of the record before the district court.[3] In September 1975, that court issued a memorandum opinion and order denying the petition. In his opinion, the district judge stated that his review of the trial transcript convinced him that Bibbs had waived his right to challenge the reading into evidence for impeachment purposes the records of four of his prior convictions,[4] and that any other trial error "did not result in any deprivation of fundamental fairness to the petitioner." We agree.

I

Bibbs first argues that the undue emphasis by the prosecution upon his prior convictions made his trial so fundamentally unfair as to deny him due process. He objects to the introduction of the prior convictions, the manner in which they were introduced,[5] and the prosecutor's repeated references to them in closing argument. Despite petitioner's contrary contention, the

---

1. This issue is no longer raised.

2. In the state appeal, the manner of introducing the prior convictions by reading them into the record was not assailed.

3. We hereby grant respondent's February 1976 motion to supplement the record but do not rely on said supplement in disposing of this case. The supplement does show that in his state appeal petitioner urged non-waiver of the prior convictions point.

4. Two other convictions were not brought to the attention of the jury.

5. Illinois has permitted a prosecutor to read the records of a witness' prior convictions into the record for the purpose of affecting credibility. *People v. Crump,* 12 Ill.2d 402, 403–409, 147 N.E.2d 76 (1957); *People v. Smith,* 90 Ill. App.2d 310, 318, 234 N.E.2d 31 (1st Dist.1967). Since 1971 a different rule may prevail where a defendant has brought out his prior record while testifying. See *People v. Montgomery,* 47 Ill.2d 510, 268 N.E.2d 695 (1971).

Rule 609 of the Federal Rules of Evidence permits impeachment by evidence of convic-

record is sufficient for us to conclude that Bibbs' state court trial counsel made a deliberate, tactical decision to waive objection to the prosecution's use of the prior convictions. *United States ex rel. Hickman v. Sielaff,* 521 F.2d 378, 385 (7th Cir. 1975), certiorari denied, 424 U.S. 958, 96 S.Ct. 1436, 47 L.Ed.2d 364, 44 L.W. 3501; *United States ex rel. Adams v. Bensinger,* 507 F.2d 390, 392 (7th Cir. 1974), certiorari denied, 421 U.S. 921, 95 S.Ct. 1589, 43 L.Ed.2d 789.

At trial, petitioner did not object to the introduction of four of his prior convictions nor to their introduction by reading the certified records of those convictions into the trial record. The petition does not attack the competence of Bibbs' trial counsel.

The transcript shows that Bibbs' trial counsel deliberately made a decision to allow the reading of each certified record of prior conviction. First, the prosecutor stated that he was reading the prior convictions into the record "with permission of defense counsel," and this statement was not challenged. Next, petitioner's counsel stated to the jury that he had agreed to have the state read the previous record. Finally, he mentioned that he had agreed to this procedure only for the purpose of considering Bibbs' credibility. Each of the prior records read to the jury showed that petitioner had pled guilty. Petitioner used this evidence in an attempt to show that he was not guilty of the present robbery charge, as shown by the following excerpt from his counsel's closing argument:

"Now, we come to the fact of the reading into the record of Mr. Bibbs' previous offenses and his convictions, each and every one on a plea of guilty, and yet today he pled not guilty. Why should he plead not guilty on an offense of this charge when on previous circumstances he did plead guilty?" (Tr. 156)

■ Petitioner's attempt to explain this conduct by arguing that Illinois law was settled that prior convictions were admissible for impeachment and hence any objection was futile is not convincing. Whether the use of prior convictions in a particular case is a denial of due process depends upon all of the relevant circumstances. *Donnelly v. DeChristoforo,* 416 U.S. 637, 645, 94 S.Ct. 1868, 40 L.Ed.2d 431. If the use was so prejudicial in this case, counsel would have objected to minimize their impact. His failure to object is tantamount to a deliberate waiver. *United States ex rel. Allum v. Twomey,* 484 F.2d 740, 745 (7th Cir. 1973).

■ Similarly, petitioner's counsel failed to object to the prosecution's use of the convictions in closing argument. Although in his closing argument the prosecutor referred four times to petitioner's having been a convict, his statements were limited to attacks on petitioner's credibility. The statements were therefore consistent with the decision of petitioner's counsel to permit the use of prior convictions to impeach the defendant. Any complaint about the closing argument was consequently waived by counsel's failure to object. *United States ex rel. Allum v. Twomey, supra,* 484 F.2d at 745.

## II

■ Petitioner also contends that as a *per se* rule, his appointed counsel should have been permitted to present oral argument below with respect to the merits of his petition. This argument was rejected in *Brown v. Allen,* 344 U.S. 443, 465, 73 S.Ct. 397, 97 L.Ed. 469, where the Court held that oral argument on the merits of a petition for a writ of habeas corpus could be denied in the discretion of the district court.[6] We do not find an abuse of that discretion in this case. In his memorandum opinion, Judge Parsons stated that "After carefully considering the entire record, I am of the opinion that oral arguments are unnecessary and that I should proceed to rule on

---

tion of crime, subject to certain limitations, but the manner of proof is not spelled out in that rule.

**6.** *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770, which expanded the

grounds upon which the district court should hold an evidentiary hearing, thereby overruling in part *Brown v. Allen, supra,* did not disturb the ruling on the need for oral argument.

the pending motion." Since no new evidence was being introduced in support of the petition and the facts were undisputed and the merits were fully briefed, summary disposition was permissible after consideration of the state court transcript.

■ We also disagree with petitioner's claim that the Federal Rules of Civil Procedure do not apply to proceedings on a petition for a writ of habeas corpus. Rule 81(a)(2) states that the Federal Rules do apply except to the extent that the procedure is governed by other statutes or prior practice. As noted in the district court's memorandum opinion, Rule 78 provides that a district court may make provision by rule for the determination of motions without oral hearing. Rule 13(d) of the General Rules of the District Court for the Northern District of Illinois provides that oral argument in contested matters "may be allowed in the court's discretion." This standard is the same as that articulated in *Brown v. Allen, supra,* and therefore it was not error to apply the rules in this case.

### III

■ Petitioner's counsel was appointed by the district court pursuant to 18 U.S.C. § 3006A(g), whose concluding sentence provides "Payment for such representation may be as provided in subsections (d) and (e).[7] In a later memorandum opinion herein finding that the issuance of a certificate of probable cause was appropriate, the district court stated that appointment of counsel had been made pursuant to 18 U.S.C. § 3006A(g) and that "consideration of compensation is deferred pending appeal." According to petitioner's brief, the district court has requested guidance from this Court as to "what discretion—if any—this trial court has in appointing counsel under 18 U.S.C. § 3006A(g) without compensa-

tion." Petitioner's counsel has requested us to instruct the district court to approve compensation "within the maximum limits of the statute,[8] at the maximum hourly rates allowed."[9]

The legislative history of this provision shows that the House Committee on the Judiciary believed that in proceedings for collateral relief "compensation should be available under the [Criminal Justice] act whenever a judge determines that counsel must be appointed to safeguard the interests of justice." 2 U.S.Code Cong. & Admin.News 3988 (1970). In discussing Section 1(g) of the 1970 amendments to the Criminal Justice Act, now 18 U.S.C. § 3006A(g), the House Report stated:

"In circumstances where the court deems it essential to appoint counsel [for persons seeking collateral relief under, e. g., 28 U.S.C. § 2254], the attorney should be entitled to compensation and the benefit of other resources provided by the Criminal Justice Act." *Ibid.* at 3993.

We conclude that this legislative history shows that counsel appointed under 18 U.S.C. §§ 3006A(g) is entitled to compensation. However, we cannot read the statute or its legislative history to limit the district court's traditional discretion in fixing compensation. See *United States v. Durka,* 490 F.2d 478 (7th Cir. 1973). Consistent with the Congressional use of "may" in this Section and because of the terminology of 18 U.S.C. § 3006A(d)(1) with respect to hourly rates, the district court may authorize compensation at less than the statutory maximum hourly rates.

Order affirmed.

---

7. Subsection (d) provides various modes of payment for appointed counsel, and subsection (e) authorizes appointed counsel to obtain investigative, expert, or other services at a total cost of $150 plus expenses.

8. 18 U.S.C. § 3006A(d)(2) provides that in proceedings for collateral relief, "the compensa-

tion shall not exceed $250 for each attorney in each proceeding in each court."

9. 18 U.S.C. § 3006A(d)(1) provides for maximum hourly rates of $30 for time spent in court and $20 for out-of-court time.