Peter CACCAVALLO, Petitioner,

v.

Jack R. DUCKWORTH, Indiana Attorney General, Respondents.

No. S 83–571.

United States District Court, N.D. Indiana, South Bend Division.

Nov. 19, 1984.

* *Cf. In re Subpoenas Duces Tecum Fulbright &* Jaworski, 738 F.2d 1367, 1375 (D.C.Cir.1984).

Peter Caccavallo, pro se.

David A. Arthur, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by Peter Caccavallo, an inmate incarcerated at the Indiana State Prison in Michigan City, Indiana. The matter is now before this court on respondents' motion to dismiss, filed as part of their Return to Order to Show Cause. In accord with the dictates of

*Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the complete state court record has been filed with, and carefully examined by, this court.

A careful examination of the underlying state court record and the opinion of the Supreme Court of Indiana, 436 N.E.2d 775 (1982), on transfer, reveals that petitioner has exhausted his available state court remedies per 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). Both sides having briefed their respective positions, this petition is now ripe for ruling.

Petitioner was convicted in a state court jury trial of child molesting for which he received a determinate sentence of eight years. This conviction was unanimously affirmed on appeal by the Supreme Court of Indiana. Following unfavorable action on his post-conviction filings in state courts, petitioner now brings this petition for a federal writ of habeas corpus.

Petitioner raises the following issues in this application for habeas relief:

1. Conviction obtained by use of evidence gained pursuant to an unconstutional search and seizure.

2. Ineffective assistance of counsel-trial.

3. Due process of law, (a) right to confrontation-depositions, (b) denial of right to testify, (c) erroneous sentencing, (d) inadmissible evidence.

4. Impartiality of judge.

5. Illegal detention.

6. Cruel and unusual punishment.

Each will be addressed in its turn.

## I.

On September 19, 1980, the petitioner was charged with the crime of child molesting for acts of October 31, 1979. The petitioner filed a motion to suppress evidence prior to trial, alleging an illegal search of his residence. The motion was denied after a hearing before the trial court.

On the first day of trial, the petitioner moved for a continuance in order to depose the victim. The motion was denied. The trial proceeded and petitioner was found guilty of said charge on December 9, 1980 by a jury. The petitioner was sentenced by the trial court on January 27, 1981, at which time he was given the maximum possible term of years for the crime of which he was convicted.

Petitioner appealed his conviction to the Court of Appeals of Indiana, Fourth District, which reversed the trial court conviction on grounds that 15 of the photographs admitted into evidence should not have been so admitted. A request for rehearing by the State was denied. The Supreme Court granted transfer and affirmed the conviction and sentence.

The petitioner then filed a *pro se* petition for post-conviction relief which was denied on the pleadings on September 27, 1982. After filing of and denial of several other motions, petitioner appealed to the Court of Appeals of Indiana, and said appeal was filed in the Third District. The appeal to the Third District, Court of Appeals, was denied on November 23, 1983 as to each issue with one exception concerning whether effective assistance of counsel was rendered during the direct appeal. This issue was sent back to the trial court because it is an issue of fact for which no facts were before the trial court.

## II.

■ For his first claim petitioner alleges that a search and seizure of his residence was unconstitutional. He alleged the unconstitutionality of the search and seizure in his motion to correct errors following the original trial. However, a careful review of the record does not show where petitioner at any time pursued this issue within the state appeal. An issue that is available for a direct appeal but is not argued is waived under Indiana law. *Cummings v. State*, Ind., 434 N.E.2d 90, 91 (1982). An allegation of error that is waived under state law is unavailable to a petitioner in the federal courts. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594, *reh. denied*, 434 U.S. 880, 98 S.Ct. 241, 54

L.Ed.2d 163 (1977); *Blenski v. LaFollette,* 581 F.2d 126, 130 (7th Cir.1978); *United States ex rel. Barksdale v. Sielaff,* 585 F.2d 288, 292–93 (7th Cir.1978). The State did nothing to foreclose the appeal. *See, United States ex rel. Maxey v. Morris,* 591 F.2d 386, 389 (7th Cir.1979).

In order for this waived issue to be considered in a federal habeas corpus proceeding, petitioner must show both cause for his noncompliance and actual prejudice resulting therefrom. *Wickcliffe v. Duckworth,* 574 F.Supp. 979, 986 (N.D.Ind.1983) (citing *Wainwright v. Sykes, supra; Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). The Seventh Circuit Court of Appeals in *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354 (7th Cir. 1983) (en banc) applied the "cause and prejudice" standard of *Wainwright v. Sykes, supra,* to a state prisoner's failure to raise a claim on direct appeal. *Williams v. Duckworth,* 724 F.2d 1439, 1442 (7th Cir. 1984).

Notwithstanding his statements to the contrary, the petitioner has not met the requisite "cause + prejudice" criteria. The petitioner has thus waived any claim that the search and seizure was unconstitutional when he failed to pursue the available appeal.

The petitioner raised his second claim of ineffective assistance of counsel at trial during his direct appeal. He claimed the representation rendered on his behalf was ineffective due to counsel's inexperience, failure to depose the victim, failure to object to the victim's testimony concerning sexual conduct other than that specifically charged.

The Supreme Court of the United States has set forth the standards to be applied in a case where the effectiveness of counsel is challenged in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984), wherein the Court held:

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a proba-

bility sufficient to undermine confidence in the outcome.

When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington, supra,* 104 S.Ct. p. 2065.

The Seventh Circuit Court of Appeals has recently followed the two-pronged test for determining whether a conviction must be set aside due to ineffective assistance of counsel in *Crisp v. Duckworth,* 743 F.2d 580, 582 (7th Cir.1984). The *Crisp* decision further held:

Though we examine each example of incompetence individually, we must also consider their cumulative effect in light of the totality of the circumstances. *Strickland,* 104 S.Ct. at 2069; *United States v. Brown,* 739 F.2d 1136, 1145 (7th Cir.1984).

The Seventh Circuit Court of Appeals has also recently held in *Arrowood v. Clusen,* 732 F.2d 1364 (7th Cir.1984):

This circuit has addressed the issue of ineffective assistance of counsel in a number of recent decisions. It is clear, from these cases, that there is a presumption of adequate representation and that the burden is on the criminal defendant to show that a trial counsel's performance was constitutionally inadequate. *United States v. Zylstra,* 713 F.2d 1332 (7th Cir.), *cert. denied* [464 U.S. 965], 104 S.Ct. 403 [78 L.Ed.2d 344] (1983); *United States v. Phillips,* 640 F.2d 87, 92 (7th Cir.), *cert. denied,* 451 U.S. 991 [101 S.Ct. 2331, 68 L.Ed.2d 851] (1981); *Clyburt v. Rowe,* 638 F.2d 1100, 1105 (7th Cir.1981); *United States v. Fleming,* 594 F.2d 598, 607 (7th Cir.), *cert. denied,* 442 U.S. 931 [99 S.Ct. 2863, 61 L.Ed.2d 299] (1979).

This court having carefully reviewed the pleadings, transcript and record before it finds that the petitioner fails to establish that his trial counsel's representation fell within the purview set forth in *Strickland*

and its progeny and thus, petitioner's claim does not state sufficient grounds for this court to grant habeas relief.

## IV.

■ The petitioner further contends that his due process rights were denied when he was (a) denied the right to confrontation through the denial of the right to depose the victim, (b) denied the right to testify in his own behalf, (c) erroneously sentenced, and (d) when the judge admitted inadmissable evidence. Each of these will be discussed separately below.

In regard to the contention that the petitioner's due process rights were denied when the trial judge denied him the opportunity to depose the victim, the petitioner must demonstrate what prejudice he suffered from said decision. The record clearly indicates that the petitioner was granted the right to depose the victim and that the prosecuting attorney was willing to cooperate with any efforts made by petitioner, or his counsel, to depose the victim. Petitioner's counsel did not depose the victim prior to the trial. On the day of trial the attorney for petitioner requested a continuance in order to depose the victim witness. The court denied the motion on the grounds that there had been ample time for counsel to depose the victim prior to trial and a continuance was not warranted. Further, the Supreme Court of Indiana held that the petitioner did not make it clear on appeal how he might have used information acquired from deposition of the State's witnesses to impeach their credibility or otherwise cast aspersions on their testimony, *Caccavallo v. State,* 436 N.E.2d 775, 778 (Ind.1982), and also found that petitioner's trial counsel conducted a skillful cross-examination.

This court under 28 U.S.C. § 2254(d)(8), as stated in *United States of America ex rel. Sidney Foster v. DeRobertis,* 741 F.2d 1007 (7th Cir.1984), is required to presume that a factual determination by the State court is correct unless one of several situations exists, including a finding that the "factual determination is not fairly sup-

ported by the record." This court finds that the factual determination is fairly supported by the record and gives deference to the State court factual determination that counsel conducted a skillful cross-examination.

■ Petitioner next claims that he was denied the right to testify in his own behalf. He claims that on the advise of counsel he declined to testify because the state was in possession of what he claims to be unconstitutionally seized evidence, more specifically, a video-tape recording. The state indicated it would use the video-tape as rebuttal evidence should the defendant decide to testify. The petitioner first raised this issue during the motion to suppress. He later failed to present the issue in his state appeal and has thus waived his right to raise the issue at this time, in this proceeding, under the same rationale as hereinabove set forth on procedural due process waiver.

■ Petitioner asserts that he was erroneously sentenced by the trial court. The petitioner raised this issue on direct appeal and the Supreme Court of Indiana held:

All of the factors named by the trial court as aggravating circumstances are either authorized by the statute or have been held by this Court or the Court of Appeals to be proper considerations. *See, e.g., Cherry v. State,* (1981) [275] Ind. [14], 414 N.E.2d 301 (consideration of likelihood that defendant will commit another crime is proper); *Coleman v. State,* (1980) Ind.App., 409 N.E.2d 647 (lack of remorse is properly considered as aggravating circumstance); *Hogan v. State,* (1980) [274] Ind. [119], 409 N.E.2d 588 (consideration of age of victim and effect of crime upon victim is proper). We find appellant's contention that there is no supporting evidence to find aggravating circumstances is incorrect. The evidence in this record and the reasonable inferences the trial court could draw from that evidence support the existence of each named aggravating circum-

432

stance. *Caccavallo v. State, supra,* p. 779.

The respondents contend that if the sentencing in some way was erroneous then a violation of state law occurred for which this court does not have jurisdiction under 28 U.S.C. § 2254. They contend that this court therefore cannot issue a writ upon errors of state law only if there has been no constitutional violation.

The Seventh Circuit Court of Appeals in *United States ex rel. Hoover v. Franzen,* 669 F.2d 433, 436 (7th Cir.1982) has held:

> The district court, in ordering habeas relief, based its exercise of power on 28 U.S.C. § 2254, the provision that governs the procedure for habeas relief to state prisoners:
>
>> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that *he is in custody in violation of the Constitution or laws or treaties of the United States.*
>
> 28 U.S.C. § 2254(a) (1976) (emphasis added). This provision, like the corresponding general jurisdictional grant applying to habeas corpus, limits habeas relief to violations of the Constitution or laws or treaties of the United States. Cases interpreting the habeas corpus statutes have uniformly held that a writ of habeas corpus can be issued only for a violation of federally protected rights. *Cronnon v. Alabama,* 587 F.2d 246 (5th Cir.), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 792 (1979); *Chance v. Garrison,* 537 F.2d 1212 (4th Cir.1976); *Israel v. Odom,* 521 F.2d 1370 (7th Cir.1975); *McCord v. Henderson,* 384 F.2d 135 (6th Cir.1967). (footnotes omitted).

This court in *Franklin v. Duckworth,* 530 F.Supp. 1315, 1322 (N.D.Ind.1982), *aff'd,* 714 F.2d 148 (7th Cir.1983), stated "An error in a state trial does not rise to the level of a Fourteenth Amendment violation unless the error infected the entire trial so as to make it fundamentally un-

fair," citing *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *Bibbs v. Twomey,* 506 F.2d 1220, at 1223 (7th Cir.1974).

The petitioner has failed to show this court any support for his claim that his sentence imposed pursuant Indiana law was erroneous. More importantly, he fails to show his sentencing poses an issue which this court can address in a petition for habeas corpus absent a showing of some violation of the Constitution. Thus, this claim does not have merit in an application for habeas corpus relief before this court.

■ The next claim asserted by the petitioner involves the admission of 15 polaroid photographs of the victim in various nude poses. He claims the admission of the photographs was unconstitutional, immaterial and prejudicial.

This court when considering the merit of a claim involving state evidentiary rulings within a petition for heabeas corpus has held in *Williams v. Duckworth,* 562 F.Supp. 506, 512 (N.D.Ind.1983):

> Traditionally, state evidentiary rulings are not cognizable under federal habeas corpus actions. The admissibility of evidence is a matter of state law and unless there is a resultant denial of fundamental fairness or the derogation of a specific constitutional right, no constitutional issue is involved. *United States ex rel. Harris v. Illinois,* 457 F.2d 191, 198 (7th Cir.1972). Evidentiary questions are not subject to review by a Federal court in a habeas corpus proceeding by a state prisoner unless there is an error of such magnitude as to deny fundamental fairness. *United States ex rel. Bibbs v. Twomey,* 506 F.2d 1220 (7th Cir.1974). An alleged error arising from admission of disputed evidence is not grounds for Federal habeas relief absent a showing of deprivation of a specific due process right. *Guzzardo v. Bengston,* 643 F.2d 1300 (7th Cir.1981).

The Fifth Circuit's standard for determining whether fundamental error resulted from erroneous admission of prejudicial evidence (and hence whether habeas relief may be justified) is whether the error was "material in the sense of a crucial, critical, highly significant factor." *Bryson v. Alabama*, 634 F.2d 862 (5th Cir.1981).

The victim was allowed to testify at trial about the acts depicted in the photographs without objection by petitioner. The Indiana courts held that the photographs admitted substantiated the victim's testimony and refused to second guess the trial strategy and tacts of trial counsel. *Caccavallo v. State, supra,* at 778. Petitioner has failed to demonstrate to this court how the admission of the photographs constitutes error the magnitude of denying fundamental fairness at the trial in the totality of the circumstances.

## IV.

■ Petitioner attempts to raise the issue of the impartiality of the trial judge. The petitioner first raised the issue of the judge not being impartial on his post-conviction appeal. The Court of Appeals of Indiana held that this issue was one clearly available to the petitioner on direct appeal at which time he failed to raise the issue and subsequently has waived the issue.

This court finds that the petitioner waived this issue by failing to present the issue to the Indiana courts. In order for this waived issue to be considered in a federal habeas corpus proceeding, petitioner must show both cause for his noncompliance and actual prejudice. *Wickcliffe v. Duckworth, supra,* at 984. Petitioner has not shown this court "cause" for the noncompliance nor any "actual prejudice" resulting therefrom.

## V.

■ Petitioner's next contention is that he was illegally detained after the decision of the Court of Appeals of Indiana, Fourth District, vacating his conviction. As a matter of state law, the decision of the Fourth District was not final. Rules 11(B)(3), 15(B), Indiana Rules of Appellate Procedure.

The petitioner's claim does not present an issue for which relief can be granted and therefore is moot. *Lane v. Williams,* 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). The petitioner fails to show a connection between his conviction and the asserted denial of his release while the petition for transfer was pending before the Supreme Court of Indiana. Thus, there is no relief available to the petitioner under 28 U.S.C. § 2254 for this claim.

## VI.

■ The petitioner's sixth contention is that his sentence violates the cruel and unusual punishment prohibition of the Eighth Amendment. Once again, petitioner raises an issue which purely involves a question of state law. The question concerning the punishment for crime which was within the range and was properly prescribed by the institution by the legislature. Further, this is an issue which the petitioner first attempted to raise in his post-conviction appeal. The Court of Appeals, Third District held the issue to be waived since petitioner failed to present the issue on direct appeal when it was available.

As this court has already stated, it will not issue a writ on an alleged error of state law only. Petitioner fails to show this court how said state law violates the Eighth Amendment prohibition against cruel and unusual punishment.

## CONCLUSION

For all the foregoing reasons, petitioner's application for federal habeas relief must fail. The writ is DENIED. Petition DISMISSED.

SO ORDERED.