116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony PRESSLEY, Plaintiff-Appellant,
v.
Steven BROWNFIELD, Defendant-Appellee.
 No. 95-3704.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997*
June 24, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied July 21, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 93 C 961; John F. Grady, Judge.
 Before POSNER, CUMMINGS, and BAUER, Circuit Judges.
 
 ORDER
 
 1
 In 1992, Anthony Pressley was arrested pursuant to a warrant issued by a Cook County circuit judge for the murder of Susanne Rohweder. In September 1993, Pressley was tried and acquitted by a jury of the crime of murder and subsequently was allowed to reinstate his 42 U.S.C. § 1983 action against Detective Steven Brownfield of the Chicago Police Department. On December 8, 1994, the district court granted in part Brownfield's motion to dismiss Pressley's complaint pursuant to Fed.R.Civ.P. 12(b)(6). The district court dismissed Pressley's "claims for arrest upon invalid warrant, perjury before the grand jury, inadequate investigation, right to speedy trial, no preliminary hearing, lineup without counsel, beatings by police, and misdeeds of non-parties." (R. 88 at 15; R. 89). On August 9, 1995, the district court granted Brownfield's motion for summary judgment on two of Pressley's three remaining claims: arrest and prosecution without probable cause; and illegal search and seizure. (R. 153; R. 154). The district court entered its final judgment on October 14, 1995, when it granted Brownfield's motion for summary judgment on Pressley's only remaining claim of conspiracy. (R. 181; R. 182, R. 183).
 
 
 2
 Pressley appeals the district court's decisions raising the following issues: (1) whether the district court properly dismissed his First Amended/Supplemental Complaint for failure to comply with Fed.R.Civ.P. 8(a)(2); (2) whether the First Amendment was violated by the district court's decision to not allow him to argue his motions orally; (3) whether the district court properly dismissed his claims of illegal search and seizure, and conspiracy; (4) whether his due process rights were violated by the arrest upon a warrant or indictment without a preliminary hearing; (5) whether appointment of counsel would have prevented meritorious claims from being overlooked, and (6) whether the district court improperly granted summary judgment on Pressley's claim that Brownfield and the state's attorneys conspired to have him falsely indicted and wrongly prosecuted. We affirm the decision of the district court.
 
 Dismissal of First Complaint
 
 3
 Pressley's First Amended/Supplemental Complaint consisted of 277 paragraphs of allegations, which were not divided into separate counts, and was supplemented with a document containing 23 additional paragraphs of allegations. Pursuant to a motion by Brownfield, the district court dismissed that complaint for failure to comply with Fed.R.Civ.P. 8(a)(2), which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." (See R. 66). Additionally, Fed.R.Civ.P. 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." Shortly thereafter, Pressley filed a second amended complaint, entitled "Revised Amended/Supplemental Complaint," which the district court considered on its merits. Pressley argues that the district court should not have dismissed his First Amended/Supplemental Complaint. However, both complaints contain substantially the same allegations and Pressley has failed to identify any claims or crucial allegations that were present only in the prior complaint.
 
 
 4
 A prolix and confusing complaint should be dismissed under Rule 8 because it makes it difficult for a defendant to file a responsive pleading and difficult for a court to conduct orderly litigation, as well as to conserve judicial resources. Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775-76 (7th Cir.1994). " '[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.' " Prymer v. Ogden, 29 F.3d 1208, 1215 n. 6 (7th Cir.1994) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir.1977)). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case.... [T]he original pleading, once superseded, cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated in the new pleading." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476, at 556-57, 559 (2d ed.1990). The district court did not abuse its discretion in dismissing Pressley's prior complaint. Carrigan v. California State Legislature, 263 F.2d 560, 566 (9th Cir.1959).
 
 Oral Argument of Motions
 
 5
 Pressley asserts that his First Amendment right was violated by the district court when it prevented him from orally arguing his motions. The district court stated:
 
 
 6
 In his last two court appearances, the plaintiff has accused the court of various acts of intentional misconduct. There is no basis for these accusations, and the court will no longer tolerate plaintiff's abuse. Accordingly, all further communications in this case shall be by written motion, and the court will rule in writing. No motion will be called in open court.
 
 
 7
 (R. 101, See Tr. of Dec. 28, 1994, at 3-4; Tr. of Jan. 18, 1995). Pressley was not denied his right to reasonable access to the courts under the First Amendment, because he was still allowed access through written documents and, in fact, filed numerous motions after the district court's order stating that motions would be decided without hearing oral argument. In order to expedite a case, a district court "may make provision by rule or order for the submission and determination of motions without oral hearing.... " Fed. R, Civ. P. 78; see Hill v. Porter Memorial Hosp., 90 F.3d 220, 224 (7th Cir, 1996). The Northern District of Illinois has accordingly adopted a rule which states, "[o]ral argument may be allowed in the court's discretion." Local Rule 12(O). Therefore, the district court did not abuse its discretion in deciding motions without oral argument. See United States ex rel. Bibbs v. Twomey, 538 F.2d 151, 153-154 (7th Cir.1976) (stating that the district court did not abuse its discretion in deciding motions without hearing oral argument).
 
 Illegal Search, Seizure, and Conspiracy
 
 8
 Pressley alleges that the district court improperly granted summary judgment in favor of Detective Brownfield on Pressley's claims of illegal search and seizure, and conspiracy to commit the same. "We review de novo the district court's grant of summary judgment and will affirm only if the record indicates 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Babcock v. White, 102 F.3d 267, 270 (7th Cir.1996) (quoting Fed.R.Civ.P. 56(c)).
 
 
 9
 Pressley alleges that two illegal searches of his apartment occurred and that objects were illegally seized during those searches. "To recover damages under 42 U.S.C. § 1983, a plaintiff must establish defendants' personal responsibility for the claimed deprivation of a constitutional right." Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir.1982). However, Pressley has never alleged or shown that Detective Brownfield was personally involved in the searches and seizures that took place in his apartment.
 
 
 10
 Brownfield's counsel provided Pressley with the notice required by Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir.1982), when it advised him in plain and clear language of his obligation to respond to the motion for summary judgment and attached copies of Fed. R. Civ, P. 56 and Local Rule 12. (R. 132). The district court correctly stated that "where a pro se plaintiff has not pointed to any evidence beyond conclusory statements in the pleadings which would indicate the existence of a triable issue of fact, he has failed to meet his burden under Rule 56." (R. 153 at 5), see Sellers v. Henman, 41 F.3d 1100, 1101-2 (7th Cir.1994) (stating that pro se litigants are entitled to notice of Rule 56 requirements because failure to show evidence beyond the complaint will result in summary judgment being entered against them). Pressley never responded to the factual allegations of Brownfield's statement made pursuant to Local Rule 12(M). Therefore, these facts are deemed admitted. Brownfield's 12(M) statement established that he did not enter, search, or seize objects from Pressley's apartment, nor did he direct anyone else to do so.
 
 
 11
 Pressley asserts that Brownfield should be liable for the unconstitutional search and seizure because Brownfield delivered a garbage bag that was already removed from the apartment to a laboratory for testing. Such conduct does not constitute an unconstitutional search and seizure. He also alleges that Brownfield is liable for the search and seizure because he "headed" the investigation. However, that claim is not sufficient for liability. (Appellant's Br. at 23). A supervisor must be personally involved in the conduct in order to be held liable for the conduct of subordinates, and mere negligence in detecting or preventing a subordinate's misconduct does not create liability. Vance v. Peters, 97 F.3d 987, 993 (7th Cir.1996), cert. denied, 65 U.S.L.W. 3765 (U.S. May 19, 1997) (No. 96-1489); Jones v. Chicago, 856 F.2d 985, 992 (7th Cir.1988). Pressley also alleges that Brownfield was part of a conspiracy to unlawfully search and seize objects from his apartment. But Pressley failed to make the requisite showing for a conspiracy claim that Brownfield made an express or implied agreement with others to deprive Pressley of his constitutional rights and that there was an overt act in furtherance of such an agreement. Wilson v. Giesen, 956 F.2d 738, (7th Cir.1992).
 
 
 12
 Pressley also argues that his illegal search and seizure claim is supported by res judicata. He is apparently relying on a ruling of the Circuit Court of Cook County in his criminal trial, which ordered some evidence in the case suppressed.[1] We have recently held that a ruling in a state criminal proceeding is not conclusive in a civil rights action against police officers because they "were not parties to the state court proceedings and did not have a full and fair opportunity to litigate the issue of whether they had probable cause to arrest...." Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir.1996), cert. denied, 117 S.Ct. 952 (1997). Therefore, the district court properly granted Detective Brownfield's motion for summary judgment on the issues of illegal search and seizure, and conspiracy.
 
 Due Process Rights and Probable Cause
 
 13
 Pressley also claims that his due process rights were violated when Detective Brownfield arrested him on a warrant that was facially invalid. Pressley appears to be arguing that his due process rights were violated because the warrant and felony complaint listed Susanne Rohweder's name as the complainant and she was dead at that time, therefore making them facially invalid. (Complaint for Preliminary Examination, R. 92, Ex. A; Id. at Ex. B) This is a claim that the warrants were inadequate under state law, which is not actionable under § 1983. Pacelli v. deVito, 972 F.2d 871, 875 (7th Cir.1992). "In a suit under § 1983 the plaintiff must show a violation of the Constitution or laws of the United States, not just a violation of state law." Gramenos v. Jewel Companies, 797 F.2d 432, 434 (7th Cir.1986). Pressley also contends that he had a constitutional right to a preliminary hearing prior to his indictment on the facial validity of the felony complaint and warrant. However, the adversary safeguards of a preliminary hearing are not required by due process for persons arrested pursuant to a warrant with probable cause. Gerstein v. Pugh, 420 U.S. 103, 120 (1975).
 
 
 14
 Determinations of probable cause are reviewed de novo. However, "a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 116 S.Ct. 1657, 1663 (1996). "Probable cause existed if 'at the moment the arrest was made ... the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing' " that the accused committed the crime. Hunter v. Bryant, 502 U.S. 224, 228 (1991) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)); see Forman v. Richmond Police Dep't, No. 96-2091, slip op. at 18 (7th Cir. Jan 15, 1997). The determination of whether officers have probable cause to arrest is based on the information available to them at the time they make the arrest. Edwards v. Cabrera, 58 F.3d 290, 292 (7th Cir.1995). The district court's listing of uncontradicted facts known by Detective Brownfield at the time that Pressley was arrested, show that he had probable cause to arrest Pressley for the murder of Susanne Rohweder. (R. 153 at 7-8; Appellee's Br. at 25-26). Further, Appellant was arrested pursuant to an arrest warrant issued by a Cook County circuit court judge. "[A] person arrested pursuant to a warrant issued by a magistrate on a showing of probable cause" has not been denied their due process rights. Baker v. McCollan, 443 U.S. 137, 143 (1979). Pressley was arrested upon a warrant supported by probable cause and indicted by a grand jury, therefore, the district court properly granted summary judgment for Brownfield on Pressley's claim that his due process rights were violated.
 
 Appointment of Counsel
 
 15
 Pressley also argues that the district court's denials of his repeated requests for appointment of counsel "shows how merit can be buried by inexperience of a pro se civil rights plaintiff combined with insensitivity [and] subliminal prejudice" of the district court. Although, it is not clear if Pressley is alleging that the district court erred in denying his requests for the appointment of counsel, we liberally construe his brief and will examine this issue. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pressley states that counsel would have raised the issue of res judicata and prevented Pressley's excessive and burdensome motion practice. However, as we have already discussed, Pressley does not prevail on his res judicata claim.
 
 
 16
 Early on in the proceedings, the district court informed Pressley that he was not entitled to counsel because he had not shown that he had made reasonable efforts to obtain counsel. (R. 7, District Court Order of Mar. 12, 1993 (citing Jackson v. County of McLean, 953 F.2d 1070, 1072-73 (7th Cir.1992)). "As a threshold matter, a litigant must make a reasonable attempt to secure private counsel." Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir.1995) (citing Jackson, 953 F.2d at 1072-73). The district court stated that the case had not reached the stage where there was "sufficient merit to require complex discovery or an evidentiary hearing." (R. 7, District Court Order of Mar. 12, 1993 (citing Maclin v. Freake, 650 F.2d 885, 887 (7th Cir.1981)). "In deciding whether the district court abused its discretion in failing to appoint counsel, 'the necessary inquiry is ...: given the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?' " Donald v. Cook County Sheriffs Dept., 95 F.3d 548, 554 n. 1 (7th Cir.1996) (quoting Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993)). Pressley failed to make a reasonable attempt to secure counsel and he appeared competent to litigate the case himself Therefore, the district court did not abuse its discretion in denying his requests for counsel.
 
 
 17
 Conspiracy to Falsely Indict and Wrongly Prosecute
 
 
 18
 Pressley's final claim is that the district court improperly granted summary judgment on Pressley's claim that Brownfield and the state's attorneys conspired to have him falsely indicted and wrongly prosecuted. However, in order for § 1983 to provide an action for conspiracy an actual denial of a constitutional right is necessary. Goldschmidt v. Patchett, 686 F.2d 582, 585 (7th Cir.1982). "For liability under § 1983 to attach to a conspiracy claim, defendants must conspire to deny plaintiffs their constitutional rights." Hill v. Shobe, 93 F.3d 418, 422 (7th Cir.1996). As we have affirmed judgment for Brownfield on all of Pressley's claims alleging constitutional deprivations, the district court correctly granted Brownfield's motion for summary judgment on this issue as well.
 
 
 19
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 In Pressley's Supplemental Appendix, Ex. B, there is a transcript summary on page two which indicates that one of two motions to suppress evidence was sustained. However, the pages of the transcript which would show the precise ruling on the motions are not a part of the record