John Robert HILL, as the Administrator of the Estate of Robert McDonald Hill, Deceased, and John Robert Hill and Baird McDonald Hill, Individually, Plaintiffs–Appellees,

v.

Wallace E. SHOBE, et al., Defendants–Appellants.

No. 94–3555.

United States Court of Appeals, Seventh Circuit.

Argued April 12, 1996.

Decided Aug. 23, 1996.

Dawn E. Wellman (argued), Brand & Allen, Greenfield, IN, for plaintiffs–appellees.

Andrew P. Wirick, Hume, Smith, Geddes, Green & Simmons (argued), Indianapolis, IN, Dale R. Simmons, Office of the Corporation Counsel, Indianapolis, IN, John C. Ruckelshaus, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, IN, for defendants–appellants.

Daniel B. Dovenbarger, Pamela Carter, Office of the Atty. Gen., Indianapolis, IN, for amicus curiae State of Indiana.

James E. Ryan, Rita M. Novak, Office of the Atty. Gen., Chicago, IL, for amicus curiae State of Illinois.

Charles D. Hoornstra, James E. Doyle, Office of the Atty. Gen., Wisconsin Dept. of Justice, Madison, WI, for amicus curiae State of Wisconsin.

Before CUMMINGS, COFFEY, and MANION, Circuit Judges.

COFFEY, Circuit Judge.

Robert Hill was killed when Wallace Shobe, an on-duty Indianapolis police officer, ran a red light and struck Hill's car. A state court acquitted Shobe of charges of negligent homicide, while Hill's estate reached a $250,-000 settlement with Shobe in a state tort case. In spite of the settlement, Hill's estate sued Shobe, the city of Indianapolis, and

several police officials for violating his civil rights. 42 U.S.C. § 1983. Hill's parents also sued in their individual capacities. Defendants appeal the district court's denial of their motion to dismiss, and its finding that defendants were not entitled to qualified immunity. Because defendants' role in causing Hill's death did not implicate the due process clause, we hold that plaintiffs failed to demonstrate that defendants deprived them of a right which the federal constitution guarantees. We reverse.

## I.

According to plaintiffs, whose version of events we accept as true for the purposes of a motion to dismiss, *Flynn v. Kornwolf*, 83 F.3d 924, 925 (7th Cir.1996), Indianapolis police officer Wallace Shobe ran a red light and crashed into the car which Robert McDonald Hill was driving. Shobe was driving well over the speed limit, even though he was not responding to any police emergency. Despite the speed, and although it was after midnight, Shobe had failed to have his cruiser's headlights, emergency lights, or siren operating. Hill suffered severe injuries in the crash, which eventually caused his death.

When other police officers arrived at the scene, plaintiffs claim that they tended to Shobe's minor injuries while ignoring Hill, who remained in his overturned car. Once medical personnel arrived, the police allegedly told them to treat Shobe before they examined Hill, and then allegedly directed them to bypass nearby hospitals and transport Hill to a more distant trauma unit. Plaintiffs also allege that the police then turned on the emergency lights in the police cruiser, adjusted the traffic signal to make it appear that Hill ran a flashing red light, encouraged witnesses to tell a version of events favoring Shobe, and demanded that witnesses sign their statements before letting them read them.

Plaintiffs, claiming that their rights under the due process clause of the Fourteenth Amendment had been violated, sued (1) Officer Shobe, for recklessly depriving Hill of his life, and Hill's parents of their continued family relationship with Hill; (2) the city of Indianapolis and its Chief of Police, for inad-

equately training and disciplining their officers, effectively establishing a custom of encouraging them to drive aggressively and at high speeds in nonemergency situations; and (3) the police officers at the scene of the accident, for conspiring to cover up Officer Shobe's role in the accident. Plaintiffs also claimed that the conspiracy deprived them of their right of access to the courts. Defendants moved to dismiss under Fed.R.Civ.P. 12(b)(6), claiming that plaintiffs failed to show that they were deprived of a constitutional right or, alternatively, that defendants were entitled to qualified immunity. The district court dismissed the suit against Chief of Police in his individual capacity, and the claim based on access to the courts, but denied the rest of the motion. Defendants then filed an appeal, seeking interlocutory review of the district court's order.

## II.

We review *de novo* the district court's decision to deny a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Covington Court, Ltd. v. Village of Oak Brook*, 77 F.3d 177, 178 (7th Cir.1996). We note that the district court certified for interlocutory appeal only its decision on qualified immunity. To determine whether a defendant is entitled to qualified immunity, however, we must determine whether he violated a clearly established constitutional right at the time he took his action. *Montville v. Lewis*, 87 F.3d 900, 902 (7th Cir.1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). This places before us the question of whether any violation of a constitutional right took place at all. *Montville*, 87 F.3d at 902. Because we find that plaintiffs failed to demonstrate that defendants deprived them of a right which the federal constitution guarantees, we reverse.

## A.

The *gravamen* of plaintiffs' complaint is that Shobe, a state actor, was driving recklessly, and knew that such reckless driving could cause a fatal collision with persons lawfully driving the streets at the same time. They conclude the resultant accident de-

prived Hill of his substantive due process right to life under the Fourteenth Amendment. We disagree. Not every legally cognizable injury inflicted by a state employee acting under color of law violates the Fourteenth Amendment. *Paul v. Davis,* 424 U.S. 693, 699, 96 S.Ct. 1155, 1159, 47 L.Ed.2d 405 (1976). *Parratt v. Taylor,* one of the seminal cases interpreting liability under § 1983, cites a car crash as a paradigm of the absurdity which could result from an overly broad interpretation of § 1983. "[U]nder this rationale," *Parratt* teaches, "any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983." 451 U.S. 527, 544, 101 S.Ct. 1908, 1917, 68 L.Ed.2d 420 (1981).

■ Plaintiffs counter that *Parratt* was rejecting negligence as a basis for liability under § 1983, in contrast to their claim that Shobe drove recklessly. A conclusory allegation of recklessness, however, is insufficient to defeat a motion to dismiss. *See Palda v. General Dynamics Corp.,* 47 F.3d 872, 875 (7th Cir.1995). For a defendant to be reckless in a constitutional sense, he must be criminally reckless. *Archie v. City of Racine,* 847 F.2d 1211, 1222 (7th Cir.1988), *cert. denied,* 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 809 (1989). Criminal recklessness—which is the same as "deliberate indifference," *Miller v. Neathery,* 52 F.3d 634, 638 (7th Cir.1995)—is a proxy for intent. *Wilson v. Williams,* 83 F.3d 870, 875 (7th Cir.1996); *Archie,* 847 F.2d at 1220. For this reason, the Supreme Court teaches, the test for "criminal recklessness" is subjective, not objective. *Farmer v. Brennan,* 511 U.S. 825, ——, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994); *Miller,* 52 F.3d at 638.[1] Under the subjective standard, it is not enough to show that a state actor should have known of the danger his actions created. Rather, a plaintiff must demonstrate that the defendant had actual knowledge of impending harm which he consciously refused to prevent. *Id.* at 639.

In other words, the state actor must have sufficient knowledge of the danger that one can infer he intended to inflict the resultant injury. *Salazar v. City of Chicago,* 940 F.2d 233, 239 (7th Cir.1991); *Archie,* 847 F.2d at 1219 (criminally reckless state actor knows the risk of death is significant, but "does not care whether the other person lives or dies"). A lesser degree of knowledge does not violate the due process clause. As a result, it would not be enough even if plaintiffs in the case at bar had proved beyond dispute that Shobe, like any reasonable person, knew that driving at high speed at night without lights could have potentially fatal consequences. Allegations of a public official driving too fast for the road conditions are grounded in negligence, not criminal recklessness, *Apodaca v. Rio Arriba Cty. Sheriff's Dep't,* 905 F.2d 1445, 1446–47 (10th Cir.1990), and unintended loss of life resulting from a state employee's lack of due care does not implicate the due process clause. *Davidson v. Cannon,* 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986). Under the subjective standard, plaintiffs were required to demonstrate that Shobe was willing to let a fatal collision occur. They did not do so.

■ The fact that a public official committed a common law tort with tragic results fails to rise to the level of a violation of substantive due process. *See Daniels v. Williams,* 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986); *Gordon v. Degelmann,* 29 F.3d 295, 300 (7th Cir.1994). We hold therefore that motor vehicle accidents caused by public officials or employees do not rise to the threshold of a constitutional violation actionable under § 1983, absent a showing that the official knew an accident was imminent but consciously and culpably refused to prevent it.[2] It is insufficient to show that a public official acted in the face of a recognizable but generic risk to the public

---

1. *Farmer* is an Eighth Amendment case. We have long recognized, however, that the Eighth Amendment's definition of "criminal recklessness" is relevant in Fourteenth Amendment challenges under § 1983. *Salazar v. City of Chicago,* 940 F.2d 233, 239–40 (7th Cir.1991).

2. The key word is "accident." A plaintiff who asserts that he is the deliberate object of state action which caused injury may state a claim under § 1983. *Ross v. United States,* 910 F.2d 1422, 1433 (7th Cir.1990); *see also Apodaca,* 905 F.2d at 1447.

at large. *Medina v. City & Cty. of Denver,* 960 F.2d 1493, 1496 (10th Cir.1992); *Martinez v. California,* 444 U.S. 277, 285, 100 S.Ct. 553, 559, 62 L.Ed.2d 481 (1980). To hold otherwise would diminish the civil rights statutes to the equivalent of a body of general federal tort law, and open the courts to a flood of litigation which the framers of § 1983 clearly did not intend. *Daniels,* 474 U.S. at 332, 106 S.Ct. at 665; *Paul,* 424 U.S. at 701, 96 S.Ct. at 1160.

### B.

■ Plaintiffs next claim that the city of Indianapolis shares responsibility for Hill's death because it failed adequately to train its officers. Because Hill's death did not result from a violation of the federal constitution, this claim cannot stand. Plaintiffs' claim that defendants conspired to cover up Shobe's allegedly unconstitutional actions similarly must fall. For liability under § 1983 to attach to a conspiracy claim, defendants must conspire to deny plaintiffs their constitutional rights: there is no constitutional violation in conspiring to cover up an action which does not itself violate the constitution. *See House v. Belford,* 956 F.2d 711, 720–21 (7th Cir. 1992).

■ There remains the claim that defendants conspired to deny medical treatment to Hill. The government, however, has no affirmative constitutional duty to provide emergency medical services to its citizens. *Salazar,* 940 F.2d at 237 (citing *DeShaney v. Winnebago Cty. Dep't of Social Servs.,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)). And while most municipalities choose to provide such services, "[they have] no constitutional duty to provide competent services to people not in [their] custody." *Id.* For similar reasons, neither do individuals have a right to be taken to the hospital of their choice, or even the nearest hospital. *Wideman v. Shallowford Community Hosp., Inc.,* 826 F.2d 1030, 1036 (11th Cir.1987). Plaintiffs do not assert that Hill was taken into custody following the accident; they claim that defendants ignored him altogether. Consequently, because there "simply [was] no constitutional obligation to save [Hill's] life," *Ross v. United States,* 910 F.2d

1422, 1428 (7th Cir.1990), plaintiffs cannot maintain their conspiracy claim under § 1983.

### CONCLUSION

There is no doubt that the accident which cost Robert Hill his life was most tragic. Nonetheless, the fact that a government employee caused the accident falls short of transforming it into a violation of the federal constitution. Whatever role defendants played in Hill's death, their actions did not implicate the substantive provisions of the due process clause. This must not be taken to infer that we in any way condone the officer's conduct in his operation of the city vehicle. It simply means that his actions did not violate a right which the federal constitution guarantees. Because no constitutional deprivation occurred, the district court should have granted the defendants' timely motion to dismiss.

REVERSED.