**Jeffrey E. HIBBARD, Plaintiff–Appellant,**

v.

**Charlene REITZ, et al., Defendants–Appellees.**

No. 01–4223.

United States Court of Appeals, Seventh Circuit.

Submitted April 18, 2002 *.

Decided April 19, 2002.

---

* The defendants filed a motion for non-involvement, which we granted. We thus consider only the appellant's brief. After an examination of the brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, EASTERBROOK, and RIPPLE, Circuit Judges.

## ORDER

Wisconsin inmate Jeffrey Hibbard sued prison staff under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs and due process violations. The district court dismissed the complaint under the screening mechanism of 28 U.S.C. § 1915A for failure to state a claim. Hibbard appeals, and we affirm.

Hibbard's complaint addresses nurse Charlene Reitz's treatment of a respiratory condition that developed into pneumonia and caused an E. Coli infection in his lungs. He says, and we take as true, *see Sanders v. Sheahan,* 198 F.3d 626, 626 (7th Cir.1999), that he saw Reitz for treatment of a persistent cough and lung congestion, but that she disregarded his history of previous bouts with pneumonia as well as his suggestion that she treat him with antibiotics. Reitz instead administered cough syrup, Advil, and one-day "sick cell" because, according to Hibbard, she was not taking his complaints seriously and "believed that one day in sick cell would cure him." A week later Hibbard began to have difficulty breathing when he coughed. He was again taken to the prison's health unit, and then to a nearby hospital. At the hospital he was immediately given antibiotics and within the hour rushed via ambulance to another hospital, where he was kept under an oxygen tent for eleven days. The doctors at the second hospital informed Hibbard that he almost died from his sickness and that it had left him with permanent emphysema.

After his return to prison, Hibbard submitted an inmate complaint form claiming that Reitz had trammeled his Eighth Amendment rights by being deliberately indifferent to his lung condition. Defendant Linda Olson–O'Donovan, the Inmate Complaint Examiner, dismissed Hibbard's complaint without interviewing either Hibbard or Reitz, and based her decision principally on Hibbard's medical history as reported on his chart. According to Hibbard, the dismissal was part of a "cover-up conspiracy" between Olson–O'Donovan and Beth Dittman, the prison health service manager, to protect Reitz. This conspiracy, Hibbard says, violated his substantive and procedural due process rights because it "oppressively and abusively" prevented a proper investigation of his claim. Hib-

bard also asserts that each subsequent reviewer up to and including the Wisconsin Secretary of the Department of Corrections failed to properly investigate Hibbard's case and returned "unreasonable and unjust" decisions that merely rubber-stamped Olson–O'Donovan's.

In dismissing Hibbard's complaint, the district court assumed that Hibbard's lung damage constituted a serious medical need, but went on to conclude that he had alleged facts showing Reitz was not deliberately indifferent to him or his medical needs. The court construed Hibbard's complaint to allege mere dissatisfaction with a prescribed course of treatment, and alleging such dissatisfaction does not state an Eighth Amendment claim. The court also rejected Hibbard's due process claim, explaining that under *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the defendant's adoption of an inmate review system did not establish a constitutionally protected interest. Finally, the court found that Hibbard's alleged facts did not suggest that Olson–O'Donovan conspired with Dittman to commit any unlawful acts.

On appeal, Hibbard argues that the district court's sua sponte dismissal of his case after he partially paid the filing fee denied him due process. We do not agree. Section 1915A(b)(1) required the district court to dismiss Hibbard's case after it determined that he had failed to state a claim or that his claims were frivolous, even if he had already partially paid the filing fee, *see Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir.1999). Hibbard pleaded himself out of court on his Eighth Amendment claim by alleging that Reitz "believed" the treatment she administered which included cough syrup, Advil, and a day in sick-cell was medically appropriate; only a *deliberate disregard* of a serious risk to an inmate's health amounts to an Eighth

Amendment violation. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). It does not appear from the complaint that Reitz deliberately disregarded Hibbard's symptoms; he claims that she simply did not take them seriously and refused to administer the treatment he requested. *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir.1997) (allegations amounting to negligence insufficient to state deliberate indifference claim). *See also Snipes v. DeTella*, 95 F.3d 586, 590–91 (7th Cir.1996) (mere disagreement with a chosen course of treatment does not amount to an Eighth Amendment violation); *Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.1995) (failure to carefully review medical history and prescribe appropriate antibiotic equals malpractice, not deliberate indifference, where prisoner received some treatment). Furthermore, Hibbard challenges only Reitz's treatment during a single visit; he does not allege, for example, that the prison health staff ignored repeated requests for help or that they disregarded a diagnosis. *See, e.g., Sherrod v. Lingle*, 223 F.3d 605, 611–12 (7th Cir.2000).

Because Hibbard's Eighth Amendment claim fails, so too must his claim that O'Donovan and Dittman conspired to cover up Reitz's actions: "there is no constitutional violation in conspiring to cover up an action which does not itself violate the constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir.1996). The failure of his Eighth Amendment claim similarly dooms his substantive and procedural due process claims: Hibbard never alleged an unconstitutional deprivation that would require due process protection. *See Daniels v. Williams*, 474 U.S. 327, 332, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (injury caused by "lack of due care" is not a deprivation within the meaning of the Fourteenth Amendment); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir.2001) (prisoner has

no constitutionally protected interest in state-created prison grievance procedure).

AFFIRMED.