Christopher HOLLOWAY, in his official capacity as Administrator of the ESTATE OF Mabel L. HOLLOWAY, Deceased, Plaintiff,

v.

THE CITY OF SUFFOLK, VIRGINIA, John Doe Number One, John Doe Number Two, John Doe Number Three, John Doe Number Four, and Henry Jordan, individually, and in his official capacity as an employee of the City of Suffolk, Virginia, Defendants.

Civil Action No. 2:07cv468.

United States District Court,
E.D. Virginia,
Norfolk Division.

March 16, 2009.

Andrew Michael Sacks, Stanley Elliot Sacks, Sacks & Sacks, Norfolk, VA, for Plaintiff.

David Lawrence Arnold, Pender & Coward, Suffolk, VA, Philip John Infantino, III, Richard Hoyt Matthews, Donald Rossen Schuyler Greene, James Thompson Lang, Pender & Coward PC, Virginia Beach, VA, for Defendants.

## OPINION AND ORDER

JEROME B. FRIEDMAN, District Judge.

This matter comes before the court on a motion for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure filed by the defendants. The defendants are seeking judgment in their favor on the 42 U.S.C. § 1983 claims raised by the plaintiff, Christopher M. Holloway, administrator of the estate of Mabel L. Holloway. The court has reviewed the parties' supporting memoranda and finds that a hearing is unnecessary for the resolution of the issues presented. For the reasons set out herein, the court **GRANTS** the defendants' motion for partial summary judgment, **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims, and **REMANDS** the case back to the Circuit Court for the City of Suffolk.

### Factual and Procedural Background

On August 10, 2004, Henry Jordan ("Jordan") and William Wright ("Wright"), both employees of the City of Suffolk ("the City"), were operating a garbage truck that belonged to the City. The garbage truck was a large truck that was painted mostly white, with the rear of the truck painted green and yellow. When the back of the garbage truck was open, most of the green and yellow paint was not visible and it appeared to be a big open hole with garbage and grease. The truck was equipped with brake lights, reflectors, four way flashers, and a strobe light mounted above the trash receptacle. The brake lights do not come on when the garbage truck is in neutral, and the reflectors tend

to be more visible at night. With respect to the strobe light, neither Jordan, nor his supervisor, Carlos Ward, can definitively remember whether the strobe light was on at the time of the accident, but Ward stated that the strobe light automatically turned on when the garbage truck started up.

Jordan was driving the garbage truck on August 10, 2004, and was heading eastbound on Holland Road in Suffolk, Virginia. Holland Road is a four-lane road with two lanes going in either direction. Jordan parked the garbage truck in the right-hand, eastbound lane of Holland Road near the intersection of Lummis Road in order to load garbage into the truck. Both Jordan and Wright exited the truck and were loading garbage into the truck when Jordan noticed a flash of white out of his peripheral vision. Jordan pushed Wright out of the way as Mabel L. Holloway's ("Mabel Holloway") car crashed into the right side of the garbage truck. Mabel Holloway subsequently died on September 13, 2004 from the injuries she sustained as a result of this accident.

Exactly two years later, Christopher Holloway, the son and administrator of the estate of Mabel Holloway, filed suit on behalf of the estate of Mabel Holloway on September 13, 2006 in the Circuit Court for the City of Suffolk against the City, Jordan, and John Does Number One through Four ("John Does"). Service of process was not effected on the City until a year later, on September 12, 2007, and Jordan was never properly served. On October 12, 2007, the City removed the case to this court. On December 11, 2007, the plaintiff voluntarily dismissed Jordan from the action due to difficulties effecting service of the complaint upon Jordan. Three months later, on March 5, 2008, the plaintiff instituted a separate, second action against Jordan alleging the same claims as before. On April 30, 2008, after a hearing on the matter, the court ordered the consolidation of the plaintiff's case against Jordan with the plaintiff's case against the City.

Counts One, Two, and Three of the complaint allege violations of Mabel Holloway's Fourteenth Amendment substantive due process rights pursuant to 42 U.S.C. § 1983, and Count Four alleges state law violations for negligence, gross negligence, and recklessness. Count One alleges Jordan and the John Does violated Mabel Holloway's Fourteenth Amendment substantive due process rights by causing her death when they suddenly parked the garbage truck on the road. Count Two alleges the City violated Mabel Holloway's Fourteenth Amendment substantive due process rights by maintaining an affirmative policy and practice of approving the sudden parking of garbage trucks in the middle of the road. Count Three alleges that the City violated Mabel Holloway's substantive due process rights by failing to properly train its employees in safety and operation of garbage trucks on public roads. Count Four alleges that all · the defendants were negligent, grossly negligent, and reckless under Virginia law in their operation of the garbage truck, and caused the death of Mabel Holloway.

On August 12, 2008, Jordan filed a motion to dismiss the plaintiff's 42 U.S.C. § 1983 claim against him on the grounds that the plaintiff failed to allege a violation of Mabel Holloway's Fourteenth Amendment due process rights. On October 7, 2008, the court denied Jordan's motion to dismiss, but the court acknowledged that it would reconsider Jordan's arguments upon completion of discovery when a summary judgment motion was filed.

On January 30, 2009, the defendants filed a motion for partial summary judgment, requesting the court grant judgment

in their favor on Counts One, Two, and Three. After the court granted the plaintiff a two-week extension of time, the plaintiff filed his response opposing the motion for partial summary judgment on February 27, 2009. The defendants filed their rebuttal brief on March 2, 2009, and the matter was then referred to the court.

The plaintiff also filed a motion for a settlement conference on March 12, 2009, requesting that the court direct the parties to a settlement conference before a Magistrate Judge.

### Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate only when the court, viewing the record as a whole and in the light most favorable to the non-moving party, determines that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Terry's Floor Fashions, Inc. v. Burlington Indus., Inc.,* 763 F.2d 604, 610 (4th Cir.1985). The court must assess the evidence and draw all permissible inferences in the non-movant's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Nevertheless, the non-movant must make a sufficient evidentiary showing on each element of his claims such that a jury could reasonably find in their favor. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. While it is the movant's burden to show the absence of a genuine issue of material fact, *Pulliam Investment Co., Inc. v. Cameo Properties,* 810 F.2d 1282, 1286 (4th Cir.1987), it is the non-moving party's burden to establish its existence. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S.

574, 585–587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The non-moving party may survive a motion for summary judgment by producing "evidence from which a [fact finder] might return a verdict in [their] favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The evidence that the non-moving party presents to this end must be more than a "mere scintilla." *Barwick v. Celotex Corp.,* 736 F.2d 946, 958–959 (4th Cir. 1984). In order for the non-moving party to survive summary judgment, they must present evidence that is "significantly probative." *Celotex Corp.,* 477 U.S. at 327, 106 S.Ct. 2548. If the evidence presented by the non-moving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson,* 477 U.S. at 249–250, 106 S.Ct. 2505. District courts have an "affirmative obligation ... to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987) (citing *Celotex Corp.,* 477 U.S. at 323–25, 106 S.Ct. 2548).

When the motion is supported by affidavits, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *See Cray Communications Inc. v. Novatel Computer Sys., Inc.,* 33 F.3d 390, 393–94 (4th Cir.1994). The plaintiffs, however, may not create an issue of fact by submitting an affidavit that is inconsistent with their prior deposition testimony. *See Rohrbough v. Wyeth Labs., Inc.,* 916 F.2d 970, 975 (4th Cir. 1990).

Summary judgment does not require that no factual issues be in dispute. To find against the moving party, the court must find both that the facts in dispute are material and that the disputed issues are genuine. Only "facts that might affect the

outcome of the suit under governing law" are material. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Thus, Rule 56 mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548.

### Analysis

■ The Fourteenth Amendment's Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "For a due process challenge ... to succeed, the general rule is that the action must have been 'intended to injure in some way unjustifiable by any government interest.'" *Waybright v. Frederick County*, 528 F.3d 199, 205 (2008) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). The Supreme Court has repeatedly stated that "the Due Process Clause of the Fourteenth Amendment ... does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 202, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); *see also, Daniels v. Williams*, 474 U.S. 327, 335–36, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Parratt v. Taylor*, 451 U.S. 527, 544, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The Fourth Circuit recently held that

> where a claim sounds both in state tort law and substantive due process, state tort law is the rule and due process the distinct exception. In other words, the Supreme Court has established a strong presumption that § 1983 due process

claims which overlap state tort law should be rejected and the case, if diversity is lacking, sent to state court.

*Waybright*, 528 F.3d at 205. This presumption can be rebutted, however, "by showing governmental conduct so 'arbitrary' and 'egregious' that it 'shocks the conscience,' usually because a state actor intended the harm without justification." *Id.* (quoting *County of Sacramento*, 523 U.S. at 845–56, 118 S.Ct. 1708). "Negligently inflicted harm," the lowest level of harm, is "categorically beneath the threshold of constitutional due process," and thus, does not implicate a constitutional violation. *County of Sacramento*, 523 U.S. at 846, 118 S.Ct. 1708. The middle range of harm, which is something more than negligence but less than intentional conduct, may have constitutional implications, but only in special circumstances. *Id.* There is no general rule as to what constitutes special circumstances, other than the court "should proceed with 'self-restraint' and 'utmost care' and make 'an exact analysis' of the circumstances presented 'before any abuse of power is condemned as shocking the conscience.'" *Waybright*, 528 F.3d at 205 (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) and *County of Sacramento*, 523 U.S. at 850, 118 S.Ct. 1708). Holloway's § 1983 due process claim against Jordan overlaps state tort law, and thus, there is a presumption against it, unless it is intentional, or reckless conduct that shocks the conscience of the court.

■ Holloway argues that the defendants are liable based upon the state-created danger theory. The state-created danger theory arose in *DeShaney* when the Supreme Court implied that a substantive due process violation may occur when the state plays a part in the creation of the danger or makes the victim more

vulnerable to the danger from a third party or private person. *See* 489 U.S. at 201, 109 S.Ct. 998. The state-created danger theory was developed as an exception to the general rule that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney,* 489 U.S. at 197, 109 S.Ct. 998; *see also Stevenson v. Martin County Bd. of Educ.,* 3 Fed.Appx. 25, 30 (4th Cir.2001). Liability under the state-created danger exception means that the state has to take some affirmative step to create the danger from the third party, and the failure to provide protection from danger does not implicate the state in the harm caused by the third party. *Sloane v. Kanawha County Sheriff Dep't,* 342 F.Supp.2d 545, 551 (S.D.W.Va. 2004) ("In order to rely on the state-created danger doctrine to impose § 1983 liability, a plaintiff must be able to articulate an action taken by a state actor that creates or substantially enhances a risk that the plaintiff will be harmed by a private actor."): *see also Stevenson,* 3 Fed.Appx. at 31 (upholding the district court's dismissal of a substantive due process claim based upon the state-created danger theory against the school board and school district employees for failing to respond to repeated reports that a child was being abused at school by his classmate, and the child suffered lasting physical and emotional trauma as a result); *Pinder v. Johnson,* 54 F.3d 1169, 1175 (4th Cir.1995) (upholding the district court's grant of summary judgment in favor of the defendants and finding that no substantive due process violation under the state-created danger theory occurred when a police officer assured a woman that it was safe to leave her children at home because her abusive boyfriend would be incarcerated overnight; however, the boyfriend was let out a few hours later and set the woman's house on fire, killing the children inside). The state-created danger theory is inapplicable to this case because there is no evidence that a third party harmed Mabel Holloway, that the actions of the defendants caused a third party to harm Mabel Holloway, or that the actions of the defendants substantially enhanced the risk that a third party would hurt Mabel Holloway.

■ Even if the state-created danger theory were applicable to this case, the court finds that the facts surrounding this accident, taken in the light most favorable to the plaintiff, fail to meet the strict "shock the conscience" standard set by the Fourth Circuit and the Supreme Court, and do not rise to the level of a constitutional violation. Courts have consistently held that a traffic accident involving a state or local official who may have been negligent or grossly negligent does not rise to the level of a constitutional violation, and is more appropriately addressed by state tort law.[1] *See Rooney v. Watson,* 101 F.3d 1378, 1379 (11th Cir.1996) (holding that the accident involving a speeding police car and another vehicle was not a constitutional violation, even if the police officer was grossly negligent); *Hill v. Shobe,* 93 F.3d 418 (7th Cir.1996) (holding that the deceased motorist's substantive due process rights were not violated by a police officer who drove through a red light and collided with the deceased motorist's vehicle); *Cannon v. Taylor,* 782 F.2d 947, 949–950 (11th Cir.1986) ("[A]utomobile negligence actions are grist for the state law mill. But they do not rise to the level of a constitutional violation."); *Coon*

---

1. The court understands the allure of alleging a 42 U.S.C. § 1983 claim in these kinds of cases; however, the court feels compelled to note, as this case shows, that not every incident against a state or local official whose actions may constitute negligence or gross negligence necessarily arises to a constitutional violation.

v. Ledbetter, 780 F.2d 1158, 1163 (5th Cir. 1986) ("[I]t is plain that a person injured in an automobile accident when a police officer negligently fails to yield the right-of-way has no claim for deprivation of constitutional right."); Hicks v. Leake, 821 F.Supp. 419 (W.D.Va.1992) (holding that the actions of the police officer that resulted in the collision did not shock the conscience of the court as necessary to show a violation of the Fourteenth Amendment rights of the driver).

The court finds that there are no facts suggesting that Jordan parked the garbage truck with the intent to cause an accident, or to injure someone. Jordan testified that he regularly drove that route, and when driving that route, he always parked in the right-hand lane of the road in order to load garbage onto the truck. The fact that Jordan always parked the garbage truck in the right-hand lane strongly implies that Jordan did not intend to cause an accident because he was following his usual routine. There is also no evidence suggesting that Jordan suddenly parked the garbage truck knowing that there was a car behind him that would not be able to stop in time. In fact, Jordan parked the garbage truck, and had sufficient time to exit the truck and load garbage into the truck before the accident occurred. The plaintiff disputes the colorful or bright appearance of the garbage truck, and argues that it is unclear whether the strobe light was working at the time of the accident. However, neither of these facts are material to the issue of whether Jordan intended to cause Mabel Holloway to crash into the garbage truck. At most, a jury could infer gross negligence on the part of Jordan, but there are no special circumstances in this case to support a claim under the Fourteenth Amendment. See County of Sacramento, 523 U.S. at 846, 118 S.Ct. 1708 (stating that conduct which is more than negligence but less than intentional may have constitutional implications but only in special circumstances). Therefore, the court finds that summary judgment is appropriate on Count One because there are no questions of material fact under which the plaintiff could prevail on a claim under the Fourteenth Amendment against Jordan or the John Does. However, even though the facts of this case do not warrant a finding that Mabel Holloway's constitutional rights were violated, the court does find that what happened to Mabel Holloway was an unfortunate tragedy.

Finally, as there is no underlying constitutional violation by Jordan or the John Does, the court finds that partial summary judgment in favor of the City is appropriate on Counts Two and Three. See Waybright, 528 F.3d at 203–04 (stating that the § 1983 claim against the individual "is the gateway to all the other § 1983 claims, for supervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer' ") (citing City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986)). As the only other claim pending, Count Four, is a claim under state law, the court declines to exercise supplemental jurisdiction, and will remand this case back to the Circuit Court for the City of Suffolk.

### Conclusion

For the reasons stated above, the court finds that partial summary judgment in favor of the defendants with respect to the 42 U.S.C. § 1983 claims is appropriate as there are no questions of material fact that would preclude awarding judgment in favor of the defendants with respect to these claims. The state-created danger exception does not apply as neither the City nor Jordan created a situation that caused a third party to injure Mabel Holloway or

made Mabel Holloway more vulnerable to be injured by a third party. Additionally, the court finds that the facts in this case do not rise to the level of deliberate indifference. Therefore, the court **GRANTS** the defendants' motion for partial summary judgment with respect to Counts One, Two and Three. The court also **DECLINES** to exercise supplemental jurisdiction over Count Four, and **REMANDS** this case back to the Circuit Court for the City of Suffolk. Finally, the court **DENIES** the plaintiff's motion for a settlement conference as the court finds that settlement conference is not appropriate in this court at this time given the court's decision on the defendants' motion for partial summary judgment.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to counsel for the parties.

**IT IS SO ORDERED.**