**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011[*]
Decided February 11, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-1756

| | |
|---|---|
| JOACHIM E. DRESSLER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 09-C-0387 |
| | |
| SCOTT WALKER[**], et al., | C.N. Clevert, Jr., |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Two decades ago Joachim Dressler was convicted in Wisconsin of first-degree intentional homicide. Now, in the guise of a civil-rights action against Wisconsin judges, lawyers, and even the state's governor, Dressler rehashes prior collateral attacks on his

---

[*]The appellees were not served with process in the district court and are not participating in this appeal.  After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Accordingly, the appeal is submitted on the appellant's brief and the record.  See FED. R. APP. P. 34(a)(2)(C).

[**]Pursuant to FED. R. APP. P. 43(c), we substitute Scott Walker, the current governor of Wisconsin, for his predecessor, James E. Doyle, Jr.

conviction. See *Dressler v. McCaughtry*, 238 F.3d 908 (7th Cir. 2001); *State v. Dressler*, No. 2004AP1497, 2006 WL 545783 (Wis. Ct. App. Mar. 8, 2006); *State v. Dressler*, No. 92-2049-CR, 1993 WL 469759 (Wis. Ct. App. Nov. 17, 1993); see also *Dressler v. Ptacek*, No. 08-1219 (7th Cir. June 27, 2008) (dismissing for failure to prosecute); *Dressler v. McCaughtry*, No. 97-C-0431 (E.D. Wis. Sept. 28, 2006) (denying Dressler's postjudgment motion to reopen previous collateral proceedings). He objects to the admission at his 1991 trial of pornographic and violent images found during a search of his home; Dressler seeks not only damages but federal supervision of all future Wisconsin criminal trials. The district court screened the complaint under 28 U.S.C. § 1915A, and dismissed it with prejudice. Dressler then moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), to no avail. We affirm the judgment.

At the homicide trial a forensic pathologist opined that the victim's severed genitals and mutilated body suggested a killer who experienced "homosexual overkill," a profiling concept that apparently involves a killer's fixation on homosexuality and violence. To show that Dressler fit the profile, the State introduced the contents of a briefcase found in his home, including videos and photos of apparent murders and mutilated bodies, as well as homosexual pornography. The State also elicited one man's testimony about his sexual relationship with Dressler. Other circumstantial evidence as well pointed to Dressler: Neighbors had last seen the victim, a door-to-door solicitor, shortly before he disappeared; Dressler's house was next on the victim's route; his torso and limbs were found in yellow trash bags matching those Dressler owned; and Dressler had told a neighbor that he shot the victim, albeit accidentally, before running the man's brain through his garbage disposal.

Now, as in prior suits, Dressler claims that the seizure and introduction of his briefcase's contents was an unconstitutional restraint on his free-speech right to possess graphic materials at home. Further, he claims that admitting evidence of his sexual proclivities unconstitutionally punished him for private homosexual conduct. The complaint seeks damages and a federal injunction against any future application of Wisconsin's Uniform Rules of Evidence governing relevance, see, *e.g.*, WIS. STAT. § 904.01, seizure of evidence, *id.* § 968.13, and proof of motive, *id.* § 904.04(2), that might violate the Constitution.

These purportedly constitutional claims are nothing more than a subterfuge for challenging the propriety of state-court evidentiary rulings. As we told Dressler previously, federal courts do not review state-court evidentiary rulings unless a particular ruling violated due process by creating a likelihood that an innocent person was convicted. *Dressler*, 238 F.3d at 914 (citing *United States ex rel. Bibbs v. Twomey*, 506 F.2d 1220, 1223 (7th Cir. 1974); *Thompkins v. Cohen*, 965 F.2d 330, 333 (7th Cir. 1992)). Dressler faced a

"mountain" of circumstantial evidence that he intentionally killed another person, *Dressler*, 238 F.3d at 915, and is not entitled to additional federal review of his trial, let alone federal supervision of future Wisconsin trials. When this same claim was last before us, we described it as "borderline frivolous at best," *id.* at 912, and since we then decided the claim adversely to Dressler, its reappearance here is patently frivolous.

Accordingly, we need not explore other problems in Dressler's suit, like the bar he faces under *Heck v. Humphrey*, 512 U.S. 477 (1994), or his lack of standing to pursue injunctive relief against remote threats. The district court properly dismissed Dressler's complaint and did not abuse its discretion in denying his Rule 59(e) motion.

Dressler now has disqualified himself from proceeding *in forma pauperis* by incurring three litigation strikes under 28 U.S.C. § 1915(g), first in *Dressler v. Ptacek*, No. 07-C-289 (E.D. Wis. June 11, 2007), then in the district court in this case, and finally in this appeal.

AFFIRMED.